## UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | **ORDER GRANTING MOTION TO** |
| | ) | **TURN OVER FUNDS FROM INMATE** |
| Plaintiff, | ) | **TRUST ACCOUNT** |
| | ) | |
| vs. | ) | |
| | ) | |
| Robert Carey Evans, | ) | Case No. 3:13-cr-009 |
| | ) | |
| Defendant. | ) | |

Before the Court is the Government's motion seeking an order authorizing the Bureau of Prisons ("BOP") to turn over funds in the Defendant's inmate trust account filed on May 21, 2021. See Doc. No. 207. The Defendant asked for an extension of time to respond to the motion which the Court granted, giving him until August 23, 2021 to respond. The Defendant's response was filed on August 30, 2021, although in his response he states he placed his response in the prison mailing system on August 23, 2021. See Doc. No. 210.

On February 24, 2014, the Defendant was sentenced to 120 months of imprisonment for possession of materials containing child pornography. See Doc. No. 97. The Court also imposed a special assessment in the sum of $1,400.00 and deferred restitution. On August 26, 2014, the Court filed an amended judgment and imposed restitution in the amount of $13,250.00. See Doc. No. 137. To date, the outstanding balance on the criminal monetary penalties imposed against the Defendant in this case is $2,084.00. According the to the Government, the Defendant maintains approximately $2,102.92 in his inmate trust account. In his response to the motion, the Defendant states he has $2,260.00 in his inmate trust account, questions the validity of the Court's restitution order, suggests the victim has been fully compensated, requests discovery, and moves for "summary

1

judgment and dismissal of claims." See Doc. No. 210.

The Court's restitution order, which is set forth in the Court's 2014 judgment, is unquestionably valid. The time for objecting to the restitution obligation in this case has long since passed. The Defendant's contentions are baseless and unsubstantiated. The restitution amount was not joint and several with any other person and thus it is an obligation which the Defendant alone must pay. It make no difference if the victim has received restitution in other cases. The records maintained by the Clerk of Court clearly show the Defendant has paid $2,566.00 toward his criminal monetary penalties ($1,400.00 toward the special assessment and $1,166.00 toward restitution) and owes $2,084.00. The Court has granted one lengthy delay in this matter and further delay is unwarranted.

After a careful review of the record, the Court agrees with the United States that it possesses a valid lien over the funds in the Defendant's inmate trust account pursuant to 18 U.S.C. §§ 3613(a) and 3664(n). The Mandatory Victims Restitution Act, 18 U.S.C. §§ 3663A, et seq., requires that resources received by a defendant from any source during his term of incarceration be applied to his outstanding restitution obligation. Specifically, 18 U.S.C. § 3664(n) provides that "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n). Funds in inmate trust accounts do not qualify for exemption from payment of restitution under 18 U.S.C. § 3613(a)(1). See United States v. Rand, 924 F.3d 140, 144 (5th Cir. 2019) (finding that funds deposited into an inmate's trust account were not among the list of exemptions available to a criminal defendant under § 3613(a)(1)); see also United States v. Brown, No. 4:17-CR-51, 2021

2

WL 1945855, at *2 (E.D. Mo. May 14, 2021) (holding the receipt of the stimulus checks constitutes a material change of economic circumstances affecting the ability to pay restitution and ordering payment from an inmate trust account).

Accordingly, the Court **GRANTS** the Government's motion (Doc. No. 207) and **ORDERS** the BOP to turn over $2084.00 from the Defendant's inmate trust account to the Clerk of Court for application toward the criminal monetary penalties imposed in this case.  The Defendant's motion (Doc. No. 210) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 2nd day of September, 2021.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court

3